### In re LEVY
### and five other cases.

(District Court, W. D. Texas, El Paso Division. February 3, 1922.)

### Nos. 1759, 1775, 1780, 1785, 1792, 1799.

Aliens ⬤62—Claiming exemption from military service before declaration of intention not a bar to naturalization.

The fact that an alien, within five years prior to his application for admission to citizenship, but before his declaration of intention, on registering under the Selective Service Act, in answer to an irrelevant question in the questionnaire, claimed exemption from military service as an alien, *held* not to show conclusively that he was not "attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same," which is a requisite to admission under Naturalization Act June 29, 1906, § 4 (4), being Comp. St. § 4352, but that question may be determined by other evidence.

In the matter of the separate applications of Henry Levy, alias Henry Lavis, of Stamatis Pantelis Angelastos, of Ernest Carlson, of

⬤—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Nicholas Hamrah, of Demetrios Panaghioton Metropoulas, and of Isabel Balderrama Garcia for naturalization. Petitions granted.

Zach Lamar Cobb, Breedlove Smith, and Wm. H. Fryer, all of El Paso, Tex., for petitioners.

M. H. Anthoni, Naturalization Examiner.

SMITH, District Judge. The above-named persons have presented petitions for naturalization. Hearings upon all of them have been had. The only question raised is whether or not applicants have shown that during the five years preceding the dates of their respective applications they were "attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same," as required by paragraph 4, section 4, of the Naturalization Act (Comp. St. § 4352). It is admitted that they have fully met every other requirement.

Within the five-year period, and while the late World War was in progress, but before petitioners made their respective declarations of intention, they registered under the Selective Service Law, and in answering questionnaires each claimed exemption upon the ground that he was an alien. At no time was any of them enemy alien, but friendly. Their declarations of intention were all filed after the armistice was signed. But for their claims of exemption from military service the evidence would amply show that petitioners, during the five years preceding their applications, were attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same. During the war they bought Liberty Bonds to the extent of their financial ability. Hamrah was active in the sale of such securities, and Lavis was employed as tool maker in the manufacture of periscopes for American submarines, and other evidence showed that they were all friendly disposed to the United States.

It is not contended, and could not be, that applicants' claims for exemption as matter of law debarred them from admission to citizenship, for it is not so provided by any statute. The contention is that such action on their part conclusively evidenced a want of attachment on their part to the principles of the Constitution, and a want of a well disposal to the good order and happiness of the United States, which cannot be overcome by other evidence.

I do not think this contention tenable. Being friendly aliens, who had not declared their intention, petitioners were not subject to military duty in the army of the United States. They were not included in the Draft Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k). They could have volunteered, but could not have been impressed into the service. Their status was such that there was no need to claim exemption, for, properly speaking, they could not be exempted from a duty that the law did not place upon them. All that the law required of them was that they should register and furnish satisfactory proof in the form prescribed that they were friendly aliens, who had not yet made declarations of intention; in other words, that they were not included in the Act as subject to draft.

It is true that the rules and regulations promulgated to carry the law into effect prescribed that aliens who had not declared their intention should be asked whether they claimed exemption on account of their being aliens. But my attention has not been called to any provision of law authorizing such inquiry, and I believe there is none. So at most such an inquiry could properly elicit only information as to whether the alien was or would be willing to volunteer for military service. The fact that the alien was nondeclarant of itself exempted him from the draft. It was not necessary for him to claim exemption. So far as he was concerned, there was nothing for him to claim exemption from.

Therefore, viewing the matter in the light of the law, petitioners did not claim exemption from military duty, because no such duty rested upon them. They merely declined, when asked to volunteer, to perform a duty which no law had imposed upon them. They were not citizens, and we had no right to expect them to assume the duties, the highest duties, of citizenship. And their refusal to do so, in my opinion, does not show, or at least does not conclusively show, that at the same time they were not attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same. It will be noted that the requirement is not that the alien shall show that, before declaration of his intention, he was willing to assume all the duties of citizenship with reference to the Constitution and government of the United States in order thereafter to secure citizenship. It is only required that he shall for the time required have an attachment for the principles embodied in the Constitution, and not the Constitution itself, and that he was and is well disposed to the good order and happiness of the United States; that is to say, that he preferred and was devoted to our form of government, and that he was himself obedient to our laws, and that he was not hostile, but friendly, to our government.

I believe each of these applicants has shown that he has fulfilled these requirements, and is therefore entitled to have his petition granted; and it is so ordered.